## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Criminal No. 03-cr-130 (WHW) |
| | : | |
| HECTOR LINAREZ-DELGADO, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

**Walls, Senior District Judge**

Defendant Hector Linarez-Delgado moves to reduce his sentence under 18 U.S.C. § 3852(c)(2). The Government opposes the motion. The motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant was found guilty by a jury in April 2005 on six counts: (1) conspiracy to import MDMA (also known as ecstasy); (2) conspiracy to distribute MDMA; and (3)-(6) importation and aiding the importation of MDMA. ECF Nos. 85, 88. He was sentenced on May 25, 2006 to a term of 170 months imprisonment and 3 years of supervised release. ECF No. 88. This sentence is a downward departure of 65 months from the advisory range of 235 to 293 months. Opp'n Br. at 3 (ECF No. 125). Defendant's appeal of his conviction and sentence was denied, ECF Nos. 103 & 104, as was his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. *Linarez-Delgado v. United States*, Civ. No. 9-3753, ECF No. 11. Defendant's

1

motion for reconsideration was also denied. *Linarez-Delgado v. United States*, Civ. No. 9-3753, ECF No. 14.

On May 21, 2012, Defendant moved the Court to reconsider his sentence under 18 U.S.C. § 3582(c)(2). ECF No. 120. Defendant then filed subsequent letters to clarify that his motion was not a motion for retroactive application of the amendment that lowered the base offense levels applicable to crack cocaine offenses. ECF Nos. 122, 123. Instead, his motion to reduce his sentence was based on the following grounds: (1) a Department of Justice memorandum dated March 1, 2012 ("Cole Memorandum"), Ex. 2, Opp'n Br.; (2) extraordinary confinement of federal inmate in a nonfederal institution; and (3) additional downward departure due to extraordinary factors under United States Sentencing Guidelines § 5K2.0. ECF No. 120.

## STANDARD OF REVIEW

With few exceptions, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(2), invoked by the Defendant here, gives the Court the authority to modify a previously imposed sentence:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range <u>that has subsequently been lowered by the Sentencing Commission</u> pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). *See United States v. Flemming,* 617 F.3d 252, 256-57 (3d Cir. 2010); *United States v. Caldwell*, 155 F. Supp. 2d 292, 294 (E.D. Pa. 2001) (citing *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995)). A court lacks jurisdiction to reduce retroactively a defendant's sentence under section 3582(c)(2) if there is no applicable amendment or if an applicable amendment does not have the effect of lowering the defendant's

sentencing guideline range. *United States v. Carter*, No. 2-11, 2011 WL 2160943, at *2 (W.D. Pa. June 1, 2011).

## DISCUSSION

Defendant first moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). This provision is only triggered when an amendment to the United States Sentencing Guidelines lowers the sentencing range under which a defendant was sentenced. *See Caldwell*, 155 F. Supp. 2d at 294. The motion was docketed as a motion to reduce Defendant's sentence under the amended crack cocaine guidelines because a recent amendment to the Sentencing Guidelines lowered the base offense levels applicable to crack cocaine offenses. *See United States v. Corbin*, No. 07-509, 2012 WL 137579, at *1 (D.N.J. Jan. 18, 2012). United States Probation and the United States Attorney's Office agreed that Defendant was ineligible for a reduction under section 3582(c)(2) because his case involved ecstasy, not crack cocaine. Opp'n Br. at 5. Defendant then filed a letter clarifying that his motion to reduce his sentence under section 3582 was not related to the recent crack cocaine amendments. ECF No. 122. But Defendant does not provide, nor is the Court aware of, any amendment that pertains to his offense and lowers the sentencing range under which he was sentenced. The Court lacks jurisdiction to reduce a defendant's sentence if there is no applicable amendment. *Carter*, 2011 WL 2160943, at *2. As a result, Defendant's sentence cannot be reduced under 18 U.S.C. § 3582(c)(2).

Next, Defendant argues that his sentence should be reduced under the Cole Memorandum issued by the Department of Justice on January 31, 2012. The Memorandum revises the policy and criteria for fast-track programs designed for individuals being prosecuted for unlawful reentry in violation of 8 U.S.C. § 1326. A sentence reduction under a fast-track program does not apply when the offense at issue is a drug crime, not illegal reentry. *See, e.g., United States v.*

*Rascon-Olivas*, No. 10-0230, 2012 WL 695838, at *1 n.1 (D. Minn. Feb. 28, 2012). The United

States District of New Jersey has not instituted a fast-track program. Opp'n Br. at 8. Most

importantly, the Cole Memorandum is only meant to provide "internal Department of Justice

guidance" and "is not intended to, does not, and may not be relied upon to create any rights,

substantive or procedural…" Cole Memorandum at 1. Defendant's arguments under the Cole

Memorandum lack merit.

Defendant urges the Court to reduce his sentence because he was subject to pre-trial

confinement for 39 months in non-federal facilities. ECF No. 120. He lists numerous reasons

why non-federal facilities are inferior to federal facilities, such as less visitation, inadequate

medical assistance, the state of the law library, grievance procedures and lockdowns. *Id.*

Defendant correctly notes that some courts have considered the conditions of pre-trial

confinement as a possible basis for a downward departure at sentencing. *See United States v.*

*Sutton*, 973 F. Supp. 488, 491-92 (D.N.J. 1997); *Isaza v. United States*, No. 06-2687, 2007 WL

2226015, at *3-*4 (D.N.J. Aug. 1, 2007) (pro se petitioner argued ineffective assistance of

counsel because counsel failed to argue for a downward department based on his pretrial

confinement in Colombia at the time of sentencing). But Defendant has not offered any legal

authority for reducing a sentence on these grounds *after* a sentence has already been imposed.

*See* 18 U.S.C. § 3582(c) ("[t]he court may not modify a term of imprisonment once it has been

imposed…").

Lastly, Defendant requests a reduction of his sentence under United States Sentencing

Guideline § 5K2.0 because of his post-conviction rehabilitation efforts. ECF No. 123. The Third

Circuit has held that under the Supreme Court's decision in *Pepper v. United States*, 131 S. Ct.

1229 (2011), post-incarceration rehabilitation efforts may be considered by a court on

resentencing. *United States v. Diaz*, 639 F.3d 616, 621-623 (3d Cir. 2011). But both *Diaz* and

*Pepper* involved defendants whose sentences were vacated on appeal. One district court has held

that if a defendant's sentence has not been vacated, post-sentence rehabilitation may not be

considered on a motion to vacate, alter or set aside a sentence under 28 U.S.C. § 2255. *Lebron v.*

*United States*, No. 12-2925, 2013 WL 132675, at *6 (D.N.J. Jan. 9, 2013). Though this is a

slightly different context, the Court agrees. *Pepper* and *Diaz* do not apply here because

Defendant's appeal was unsuccessful, and the Court is not resentencing *de novo.* Defendant's

reliance upon U.S.S.G. § 5K2.0 also lacks merit. Section 5K2.0 gives a court the authority to

depart from the sentencing range, but it does not authorize a defendant to move for a reduction of

a sentence *after* it has been imposed. *Caldwell*, 155 F. Supp. 2d at 294 ("To modify a term of

imprisonment previously imposed, the Petitioner must point to an exception in § 3582(c).");

*Wright v. Terrelli*, No. 10-3492, 2011 WL 5117851, at * 4 (D.N.J. Oct. 26, 2011) (cases cited by

Petitioner to reduce sentence under U.S.S.G. § 5K2.0 do not apply because he seeks to modify a

sentence that has already been imposed, which "runs afoul" of § 3582(c)).

## CONCLUSION

Defendant's motion is denied.

May 22, 2013

**/s/ William H. Walls**

United States Senior District Judge